Argued and submitted November 14, affirmed December 14, 1994

CITY OF PORTLAND,
*Respondent,*

*v.*

CITY OF BEAVERTON,
*Petitioner,*

*and*

WASHINGTON COUNTY,
Beaverton School District No. 48J,
Tualatin Hills Park and Recreation District
and Tualatin Valley Fire & Rescue,
*Intervenors-Respondents below.*

(LUBA No. 92-225; CA A84260 (Control))

CITY OF PORTLAND,
*Respondent,*

*v.*

WASHINGTON COUNTY,
*Petitioner,*

*and*

CITY OF BEAVERTON,
*Intervenor-Petitioner.*

(LUBA No. 93-195; CA A84261)

886 P2d 1084

Mark Pilliod, City Attorney, argued the cause and filed the brief for petitioner City of Beaverton.

David C. Noren, Assistant County Counsel, argued the cause for petitioner Washington County. With him on the brief was John M. Junkin, County Counsel.

Peter A. Kasting, Senior Deputy City Attorney, argued the cause and filed the brief for respondent.

Larry Shaw filed the brief *amicus curiae* for Metro.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

In these consolidated cases, LUBA remanded comprehensive plan amendments by the City of Beaverton and Washington County, respectively. The amendments purported to establish an urban service boundary (USB) that included certain unincorporated territory in the county within the area that would ultimately be annexed by and receive services from Beaverton, rather than the City of Portland.[1] Before the amendments, the acknowledged plans of all three jurisdictions contained provisions that were to the essential effect that both cities had potential interests in eventually acquiring and servicing the area, but no determinative course had been elected by any of the jurisdictions or agreed to by the three together.

LUBA held that the amendments to the county's and Beaverton's plans placed them in conflict with the Portland plan in its unamended form, that the two jurisdictions could not "unilaterally alter the acknowledged land use planning status quo," and that their doing so violated Goal 2. LUBA further concluded that, under *former* ORS 197.190(1), *see* ORS 195.025, and applicable provisions of ORS chapter 268, the coordination and the resolution of any conflicts among the planning jurisdictions are within the exclusive authority of the Metropolitan Service District.[2]

Beaverton and the county seek review. On the principal points in LUBA's opinion, which we have described above, we agree completely with LUBA's analysis and conclusions. We also agree with LUBA's disposition of the other issues the parties raise, and believe that no purpose would be served by restating LUBA's discussion.

Affirmed.

---

[1] Portland adopted a comprehensive plan amendment which, apparently, was to the exact opposite effect. LUBA also remanded that amendment. That decision is not before us in this proceeding.

[2] The challenged decisions were made while the former statute cited in the text was in effect. We express no view on the effects that ORS 195.025 or any other 1993 legislation may have on the issues on remand.